MARIO MERCADO E HIJOS, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 8122.   Argued May 22, 1941.—Decided June 24, 1941.

*Dubón & Ochoteco* for appellant.   *George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for the recovery of taxes paid under protest.   After consideration thereof we find that the only

question for determination is whether the action brought has prescribed.

The tax was levied by the Treasurer, and the plaintiff, feeling aggrieved by that action, appealed to the Board of Review and Equalization. The board affirmed the levy made, and thereupon the plaintiff paid the tax under protest on January 18, 1932. About eleven months afterwards, or on December 8, 1932, the plaintiff commenced the present action for the recovery of the tax in the District Court of Ponce.

It was alleged by the Treasurer that the action had prescribed in accordance with Section 76 of Act No. 74 of 1925 (Session Laws, p. 400), known as the Income Tax Act, and the court so held, entering judgment for the defendant upon the failure of plaintiff to amend its complaint.

■■ The appellant admits that indeed the time to sue for the recovery of the tax after paying the same under protest is thirty days, as fixed by the applicable law invoked, and as was decided in *P. R. Fertilizer Co.* v. *Treasurer,* 50 P.R.R. 389, and that therefore if this was merely the issue its action would be barred; but it urges that at the time of bringing its action the law, as evidenced by the decision of this court in *Am. Col. Bank of P. R.* v. *Domenech, Treas.,* 43 P.R.R. 853, fixed the term at one year and hence its action had not prescribed in accordance also with the holding of this court in *A. Cuesta & Co.* v. *Treasurer,* 54 P.R.R. 82.

The decision in *Am. Col. Bank, supra,* was rendered on July 26, 1932, and the appellee concedes that if the plaintiff had effected its payment under protest on June 26, 1932, for instance, and the legal term for filing its complaint had expired on July 26 following and its failure to file the same within such time had been due to the fact that on that same day it was held, in *Am. Col. Bank, supra,* that the term in question was one year, it would be entitled to avail itself of the exception recognized in the case of A. Cuesta & Co.,

*supra.* He maintains, however, that as the legal term for bringing its action had already expired when the decision in *Am. Col. Bank, supra,* was rendered, it can not invoke such exception in its favor.

And so it is, indeed. The decision in the *Am. Col. Bank* case, *supra,* was expressly reversed by that in the *P. R. Fertilizer Co.* case, *supra.* Therefore, the law has always been and still is that the time to sue is thirty days and not one year. As stated in the very case of A. Cuesta & Co., *supra:*

"A judicial decision according to the orthodox theory, is merely evidence of what the law is and not the law itself. When it is overruled it does not become bad law according to that theory, but it should be considered as though it never was the law and the reconsidered pronouncement regarded as law from the beginning, except where it would impair the obligations of contracts already performed, or affect prejudicially rights acquired in accordance with the previous decision, or except where a person, relying on the previous decision, has acted in such a way that, according to the law, he is an innocent actor."

Here it is the general rule and not the exception that applies, because, as the plaintiff paid the tax under protest on January 18, 1932, at the time of the rendition of the invoked decision six months thereafter, the period of thirty days granted to it by law for seeking a recovery by judicial action had already completely expired, and it can not claim that it had been misled by something that was nonexistent at the time, or that the application of the law irrespective of said decision would impair the obligations of contracts already entered into or injuriously affect vested rights under the same.

The fact that a decision had been rendered after the expiration of the term and the plaintiff invoked it by bringing the action, does not place its case within the situation of justice which led the continental courts and this Puerto Rican court to recognize and establish the said exception. The erroneous decision could not have the effect of reviving

4

something which had already ceased to have any legal existence at the time of its rendition.

Therefore, it was not error for the district court to render the judgment appealed from, and the appeal must be overruled and said judgment affirmed.